Dorothy Irene **WILLIAMSON**, Respondent,

v.

James Dale **WILLIAMSON**, Jr., Appellant.

No. 25699.

Missouri Court of Appeals,
Kansas City District.

April 3, 1972.

Duke W. Ponick, Jr., Kansas City, Morris, Foust, Moudy & Beckett, Kansas City, of counsel, for appellant.

Anthony J. Romano, Kansas City, for respondent.

PER CURIAM:

This is an appeal from the order of the trial court modifying a decree of divorce as to appellant's custody. The issue is whether there was substantial evidence to support the order of modification.

The original decree of divorce on June 23, 1967, awarded the custody of the children born of the marriage of the parties to respondent. On June 17, 1968, appellant procured a modification of the decree which modification awarded him custody of the children during the months of June, July and August, subject to respondent's right to have custody every weekend or as otherwise agreed by the parties.

On August 6, 1970, respondent moved to modify the custody arrangement to authorize her to remove the children to Houston, Texas. This part of the motion was denied after hearing. On October 23, 1970, without seeking definite or specific restrictions, an alternative motion was filed by respondent to restrict appellant's custody of his two sons and daughter (ages, respectively, 10, 8 and 6 years). This resulted in appellant's custody of the children being limited to "every other weekend from Friday 5:00 P.M. to Sunday 6:00 P.M. and 30 days in the summer." This order was entered by the trial court on November 18, 1970.

Respondent acknowledged in her testimony that her allegation in her motion that the custody arrangement (formerly) decreed was causing an erosion of warmth and deep feelings the children had for her was not a true statement. Her testimony was that as the children were growing older they were becoming increasingly warmer to her. There was, however, an allegation of respondent that the children's needs were greater due to their being of school age, with attendant school and social activities necessary to their physical and mental growth. Evidence on this allegation was that respondent worked five days a week, leaving the home therefor at 6:30 a. m. and returning at 3:45 p. m. She did not work on weekends, Saturday or Sunday. The

children were in school most of the period of time she was at work, and they arrived home from school about five minutes before she came in from work. Appellant had custody every weekend from around 4:00 p. m. on Friday to 8:00 p. m. on Sunday. The children had a babysitter from 6:30 a. m. until they left for school about 8:20 a. m. Each of the boys practiced football two nights a week, covering four nights in all, to which respondent took them. They also played football on Saturday mornings. Previously, respondent would take the children to the RLDS church (a denomination different than that of appellant) when she had weekend custody during the summer, but because of recreational vacations, she did not get to take them to church very often. The children had opportunities to stay overnight on weekends with neighbors "or with kids", and had invitations to parties on Saturdays which they missed when they were with appellant. Some school activities, such as carnivals, took place on weekends. The children complained about going to appellant's home every weekend, and respondent had difficulty in seeing to their school homework while they were there. Disciplinary problems arose as to the children settling down in respondent's home after visiting appellant over weekends, "they're all up-tight", and invariably she would have to spank one of them before they actually settled down.

Considering respondent's testimony as true, as the trial court was authorized to do in adjudging credibility, it is obvious that there was sufficient substantial evidence of changed conditions concerning the lack of opportunities for the children to participate in school and schoolmate activities, church attendance, under the prior dceree, to justify the court in modifying it in the manner indicated. The conflicts in these matters have been partially resolved by the modification. Disciplinary problems with the children are likely to be lessened with more contact with their mother. In short, the paramount concern of the welfare of the children being the criterion in custody cases, Zimmerman v. Zimmerman, Mo.

App., 422 S.W.2d 386, 389, and that being the "guiding star" of this trial court, it does not appear that the ruling is in conflict with or inconsistent with the children's welfare as would constitute an abuse of discretion. Wagner v. Wagner, Mo.App., 465 S.W.2d 655, 659; Copenhaver v. Copenhaver, Mo. App., 402 S.W.2d 612, 615.

The order modifying the decree is affirmed.